**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYED NAZIM ALI, | No. 19-16871 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-03744-JSW |
| v. | |
| SERVICENOW, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Syed Nazim Ali appeals pro se from the district court's judgment dismissing his employment action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Ali's discrimination claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the California Fair Employment Housing Act ("FEHA") because Ali failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show he is entitled to relief if the complaint's factual allegations "do not permit the court to infer more than the mere possibility of [the alleged] misconduct"); *see also Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009) ("[A] plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove . . . that age was the 'but-for' cause of the challenged adverse employment action."); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 847-48 (9th Cir. 2002) (the protected characteristic must be a motivating factor for the employment decision for a Title VII discrimination claim); *Harris v. City of Santa Monica*, 294 P.3d 49, 66 (Cal. 2013) (the protected characteristic must be a substantial motivating factor for the employment decision for a FEHA discrimination claim).

The district court did not abuse its discretion by denying Ali leave to amend his complaint because leave to amend would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend).

The district court did not abuse its discretion by denying Ali's motion for

recusal of the district judge because Ali failed to establish any ground for recusal. *See United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012) (setting forth standard of review and circumstances requiring recusal).

We reject as without merit Ali's contention that the district court did not consider Ali's opposition to the motion to dismiss.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990). Accordingly, defendant's motion to strike is denied as unnecessary.

**AFFIRMED.**